IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-31,547-05






EX PARTE ADRIAN LAVAN LINDSEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 51972A IN THE 240TH DISTRICT COURT


FROM FORT BEND COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
retaliation and assault/family-violence, both as a habitual offender, and was sentenced to two
concurrent terms of twenty-five years' imprisonment. He did not appeal the convictions.

 The police investigation shows that Applicant had a history of mental health issues,
including suicide attempts, bipolar disorder, and auditory hallucinations. Applicant alleges
that he told trial counsel of these mental problems, his anti-psychotic medications for them,
including Risperdal, Zyprexa, Wellbutrin, Seroquel, Thorazine, and Elavil, and his belief that
the complainant would testify that Applicant was acting strangely and was hearing voices
while he committed the offenses.

 Applicant asserts that counsel failed to investigate the mental health issues, and he
argues that had counsel properly investigated, he would have determined that Applicant was
insane at the time of the offense and presented this defense at trial. Instead, Applicant
complains that trial counsel only encouraged him to plead guilty. To prevail on an affirmative
defense of insanity, a defendant must establish by a preponderance of the evidence that he
was insane at the time of the offense. Tex. Code Crim. Proc. art. 46C.153. Insane means
that the defendant, at the time of offense and as a result of severe mental disease or defect,
did not know that his conduct was wrong. Tex. Penal Code § 8.01. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order Applicant's trial counsel to respond to Applicant's
claim of ineffective assistance of counsel by filing an affidavit with the trial court. In
addition to obtaining this affidavit, the trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d) to resolve the issues. In the appropriate case, the trial court
may rely on its personal recollection. Id. If the trial court elects to hold a hearing, it shall
determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with trial counsel's affidavit and
the trial court's supplemental findings of fact, shall be returned to this Court within 120 days
of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: November 2, 2011

Do not publish